IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,098-01




EX PARTE EDWIN KENNER LYON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 31647CR/A IN THE 40TH JUDICIAL DISTRICT COURT
FROM ELLIS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to twenty years’ imprisonment. The Tenth Court of Appeals affirmed his
conviction. Lyon v. State, No. 10-07-00251-CR (Tex. App. – Waco, May 21, 2008, pet. ref’d). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object when the State introduced hearsay testimony from witnesses who were not
the designated outcry witness. Applicant alleges that at least three witnesses were allowed to testify
as to what the complainant had told them, without objection from defense counsel.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall supplement the habeas record with a copy of the trial transcript in this
case, and with copies of any documents pertaining to the designation of an outcry witness under
Article 38.072 of the Texas Code of Criminal Procedure. The trial court shall make findings of fact
as to whether defense counsel made hearsay objections to the testimony of Robyn Blount, Caroline
Von Helms, or Officer Gray, and if so, whether such objections were overruled. If counsel did not
object to hearsay testimony, the trial court shall make findings as to why counsel did not object. The
trial court shall make findings as to whether the performance of Applicant’s trial attorney was
deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 16, 2009
Do not publish